IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRODRICK DAILEY, #193 638, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-930-WHA |
| | ) | [WO] |
| TRINA SANDERS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 action against attorney Trina Sanders Williams ("Williams"). Plaintiff claims Williams provided ineffective assistance of counsel during his criminal proceedings before the Montgomery County Circuit Court on a charge of second degree rape. Following his plea of guilty to this offense on January 8, 2015, the trial court sentenced Plaintiff to a 16-year term of imprisonment. Plaintiff requests injunctive relief including entry of an order for judgment of acquittal. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I. DISCUSSION

*A. Defendant Williams*

Plaintiff files his complaint against the attorney who represented him during his criminal court proceedings before the Circuit Court for Montgomery, Alabama. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").

Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Williams lack any arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). These claims are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

B.  The Challenge to Plaintiff's Conviction

To the extent Plaintiff's claims regarding his trial counsel's performance attempt to challenge the validity of the criminal conviction entered against him by the Circuit Court for Montgomery County, those claims may not proceed in a § 1983 action. Plaintiff's claims challenge the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must therefore be dismissed. 512 U.S. at 489.  In so holding, the Supreme Court rejected the lower court's reasoning that an action brought under § 1983 action should be construed as a habeas corpus action, emphasizing that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id*. at 481.

In *Balisok*, the Supreme Court held that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the inmate can demonstrate the challenged action has been invalidated. 520 U.S. at 648.  This is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id*. at 645.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489.  The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

In the instant matter, Plaintiff's claims against Williams represent a challenge to the constitutionality of his criminal conviction.  A judgment for Plaintiff would imply the invalidity

3

of this conviction. It is clear from the face of the Complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, this collateral attack on that conviction is prohibited because habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490. Such an attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against Defendant Trina Williams be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. To the extent Plaintiff's claims seek to challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court for Montgomery County, Alabama, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not properly before the court at this time;

3. This complaint be DISMISSED prior to service of process.

It is further ORDERED that **on or before January 20, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 6th day of January, 2016.

                                                /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE